Patricia FORREST

v.

**Agnes CASE, Individually and in her capacity as guard in the Bucks County Prison and Rufus Clark, Individually and in his capacity as Lieutenant Guard, Bucks County Prison.**

**Civ. A. No. 83–4279.**

United States District Court,
E.D. Pennsylvania.

Jan. 17, 1985.

Paul N. Sandler, Philadelphia, Pa., for plaintiff.

James M. McNamara, Asst. County Sol., Doylestown, Pa., Carl D. Buchholz, III, Rawle & Henderson, Philadelphia, Pa., for defendants.

### MEMORANDUM and ORDER

SHAPIRO, District Judge.

Plaintiff Patricia Forrest brought this action against Bucks County, several County Commissioners, the Warden of Bucks County Prison, a member of the Bucks County Prison Board and two prison guards of Bucks County Prison for alleged constitutional violations committed against her while she was detained at the Bucks County Prison prior to her posting bail. Plaintiff claims that a body cavity search conducted by prison guards was unconstitutional and that she received inadequate medical care causing her to suffer an epileptic seizure. On September 27, 1984, all defendants in this action filed a motion for summary judgment. Following oral argument held on November 5, 1984, this court granted summary judgment in favor of defendants other than the prison guards, Agnes Case and Rufus Clark. As to these defendants, the court found that plaintiff had stated a valid cause of action "for the allegedly unconstitutional manner in which her search was conducted and perhaps for

the allegedly inadequate medical care she received." On November 19, 1984, defendants Case and Clark moved for reconsideration of their motion for summary judgment. For the reasons set forth below, their motion will be denied.

In their November 19, 1984 motion for reconsideration, defendants contended that plaintiff had failed to state a cause of action for alleged constitutional violations because state law provided adequate post-deprivation remedies. As authority for this proposition, defendants cited two cases from this district that found the Supreme Court holding of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), applied to liberty as well as property interests. Since the filing of defendants' motion for reconsideration, the Third Circuit, in *Davidson v. O'Lone*, 752 F.2d 817 (3d Cir.1984) (*en banc*), has held that § 1983 actions may be brought to vindicate a liberty, in contrast to property, interest regardless of the availability of a post-deprivation remedy in the state courts. In a supplemental brief filed January 8, 1985, defendants acknowledge that this holding denies authority to the district court decisions relied upon by defendants. They contend, nonetheless, that the *Davidson* holding precludes the possibility of recovery by plaintiff because the *Davidson* court held that negligence claims are not encompassed within § 1983. Defendants claim that, "no intentional conduct, gross negligence or reckless indifference" could be found in the conduct of Agnes Case or Rufus Clark. The court cannot agree with this contention.

■ In contrast with the *Davidson* case, plaintiff's complaint alleges specifically that the conduct of defendants was willful and intentional, not merely negligent. Plaintiff alleges intentional constitutional violations with respect to both the alleged deprivation of medical care and the manner in which the strip search was conducted. Although proof of intentional conduct on the part of defendants may not be overwhelming, it is not to be weighed on a motion for summary judgment; whether defendants' conduct was intentional or willful is a factual issue that it must be resolved by the jury.

■ Defendants further argue in their motion for reconsideration that they cannot be held accountable for the medical treatment received by plaintiff because they did summon a nurse who administered medical care. Defendants contend that prison guards cannot be expected to second-guess the medical judgment of a nurse or to answer for medical care provided by another. However, plaintiff contends not only that the treatment administered by the nurse was inadequate, but also that the prison officials demonstrated deliberate indifference to the medical needs of the plaintiff by failing to contact her physician and by refusing to summon the prison physician on duty when plaintiff informed the guards that she was about to have an epileptic seizure. Moreover, plaintiff has alleged that after she had suffered a seizure, defendants continued her post-arrest processing and refused her repeated requests for post-seizure rest and medical attention. Again, the question of whether this conduct by prison officials rose to the level of deliberate indifference to her medical needs is a factual one that must be resolved by a jury. Therefore, because plaintiff has alleged issues which can only be resolved by the fact-finder, defendants' motion for reconsideration is denied.